1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MOHAMED LASHEEN,
                                            NO. CIV. S-01-227 LKK/JFM
12         Plaintiff,

13      v.                                      O R D E R

14   THE LOOMIS COMPANY, et al.,

15         Defendants.
     _____/

16

17        The court is in receipt of the Embassy of the Arab Republic

18   of Egypt, the Arab Republic of Egypt, and the Embassy of Egypt

19   Cultural and Educational Bureau's (collectively, "Egyptian

20   defendants") response to the order to show cause, as well as

21   plaintiff Mohamed Lasheen and defendant Loomis Company's replies

22   to that response.  Previously, Lasheen and Loomis filed a joint

23   "special motion" regarding the inapplicability of the Foreign

24   Sovereign Immunities Act.  The Egyptian defendants, who have

25   been in default since March 2, 2006, filed a request to continue

26   the hearing on the special motion so that they could submit an

                                     1

1  opposition.   The court continued the hearing but ordered the

2  Egyptian defendants to show cause why sanctions should not be

3  imposed for delay and inconvenience, and noted that they would

4  need to move to set aside the entry of default.

5      Under Rule 55, "[t]he court may set aside an entry of

6  default for good cause, and it may set aside a default judgment

7  under Rule 60(b)."  Fed. R. Civ. P. 55.  Here, although judgment

8  has not yet been entered, the Egyptian defendants argue that the

9  grounds set forth in Rule 60(b)(1)-(3), (4) and (6) support

10 setting aside default.  Fed. R. Civ. P. 60(b).  Many of these

11 grounds are clearly frivolous,[1] but one is not.  Under Rule

12 60(b)(4), the court may relieve a party from a judgment or order

13 if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).

14 Furthermore, under this rule, "a litigant may attack a judgment

15 as void due to lack of subject matter jurisdiction."  Wages v.

16 I.R.S., 915 F.2d 1230, 1234 (9th Cir. 1990); see also Export

17 Group v. Reef Indus. Inc., 54 F.3d 1466, 1469 (9th Cir. 1995).

18 Here, if judgment is entered against the Egyptian defendants,

19 they will have standing to argue that the judgment was void

20 because the Foreign Sovereign Immunities Act deprived the court

21 of subject matter jurisdiction.

22      Given that the joint motion brought by Lasheen and Loomis

23 deals with precisely this same Foreign Sovereign Immunities Act

24

25      [1] For example, the Egyptian defendants argue that service was
   improper but any argument as to the propriety of service was waived
26 long ago.  See Fed. R. Civ. P. 12(h)(1).

1 | issue, it would be efficient to hear the Egyptian defendants'
2 | arguments in the form of an opposition to the motion, rather
3 | than in the form of a separate post-judgment motion.  In
4 | addition, doubt should generally "be resolved in favor of the
5 | motion to set aside the [default] so that cases may be decided
6 | on their merits."  Mendoza v. Wright Vineyard Mgmt., 783 F.2d
7 | 941, 945 (9th Cir. 1986) (internal quotes omitted).
8 | Accordingly, the court finds that the Egyptian defendants have
9 | standing to contest the joint motion.  Nevertheless, the court
10 | sets aside default only with respect to the Foreign Sovereign
11 | Immunities Act issue; the Egyptian defendants have not
12 | demonstrated good cause to set aside default as to any other
13 | aspect of the case.

14 | In light of the above, the court orders as follows:

15 | 1.  The Egyptian defendants shall file an opposition to the
16 | joint motion by January 14, 2008.

17 | 2.  Lasheen and Loomis may file a single reply by January
18 | 22, 2008 at 9:00 a.m.

19 | IT IS SO ORDERED.

20 | DATED: January 3, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT