UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MOHAMED LASHEEN,

    Plaintiff,

    v.

THE LOOMIS COMPANY, et al.,

    Defendants.
    _____/

NO. CIV. S-01-227 LKK/PAN

O R D E R

This case is before the court on the narrow question of whether defendants the Arab Republic of Egypt, the Embassy of the Arab Republic of Egypt, and the Embassy of Egypt Cultural and Educational Bureau (collectively, the "Egyptian defendants") are immune under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602-1611, from claims brought by the estate of Mohamed E. Lasheen.

## I. Background[1]

---

[1] The cursory factual history in this section is provided for background only and does not form the basis of the court's decision. The legally relevant facts relied upon by the court are discussed within the analysis.

1

**A.  Lasheen**

Lasheen was an Egyptian national who came to the United States as a visiting scholar in March 2000 to study horticulture at the University of California at Davis. Lasheen enrolled in the Embassy of Egypt Health Care Benefits Plan (the "Plan"). The Loomis Co., a Pennsylvania-based corporation authorized to do business in California, contracted with the Embassy of Egypt Cultural and Educational Bureau to provide administrative services for the Plan pursuant to a Benefit Services Management Agreement (the "Agreement").

Thereafter, Lasheen was allegedly diagnosed with liver cancer. He submitted a claim to Loomis requesting insurance coverage for a liver transplant. Loomis concluded that Lasheen previously suffered from hepatitis C and that his medical problem was therefore a pre-existing condition not covered by the Plan. Lasheen died in December 2000 as a result of his illness. He is survived by his wife and three children.

**B.  Procedural History**

This case has a long procedural history, much of which was summarized in the findings and recommendations filed by Magistrate Judge Brennan on July 22, 2008 and adopted by this court on September 23, 2008. Only those aspects of this history directly relevant to the present issue are repeated here.

Lasheen's estate filed suit in February 2001 against, among others, the Egyptian defendants and Loomis. Loomis defended against plaintiff's claims, and through July 2005 the Egyptian

defendants indemnified Loomis in connection with this defense. The Egyptian defendants then halted indemnification, leading Loomis to file a cross-claim for breach of contract on November 30, 2005. Around that time, on November 7, 2005, the court allowed counsel for the Egyptian defendants to withdraw.

The court then set a status conference for December 19, 2005. After the Egyptian defendants failed to appear at this conference, the court struck their answer to plaintiff's complaint and directed the Clerk to enter defaults against the Egyptian defendants with respect to both the complaint and the cross claim. Order filed March 2, 2006 (Dkt. No. 221). The court further directed both plaintiff and Loomis to move for default judgment. Id.

Plaintiff and Loomis reached a tentative settlement of claims between them in the summer of 2007, conditioned upon these parties' ability to recover from the Egyptian defendants. Plaintiff and Loomis therefore filed a joint motion seeking a determination that the Egyptian defendants were not immune to suit under the FSIA. The court set aside the Egyptian defendants' default for the limited purpose of allowing the Egyptian defendants to assert FSIA immunity in opposition to this motion. Order filed January 3, 2008 (Dkt. No. 261) at 3.[2] After considering the Egyptian defendants' opposition, the court

---

[2] The court explained that it "set[] aside default only with respect to the Foreign Sovereign Immunities Act issue; the Egyptian defendants ha[d] not demonstrated good cause to set aside default as to any other aspect of the case."

3

granted the joint motion. Order filed Feb. 1, 2008 (Dkt. No. 268).

In that order, the court held that the Agreement between Loomis and the Egyptian defendants constituted a waiver of sovereign immunity as to claims brought by Loomis, and the court further held that the Egyptian defendants' contract with Loomis constituted "commercial activity" outside the scope of the FSIA. Id. at 6, 10. The court noted that "the moving parties ha[d] only argued that the [exceptions] applie[d] to the Agreement between Loomis and the Egyptian defendants. Accordingly, the court [did] not reach the issue of whether the Egyptian defendants [were] entitled to sovereign immunity against Lasheen." Id. at 10 n.4. Nonetheless, the court granted the joint motion in full.

The Egyptian defendants appealed. The Ninth Circuit affirmed this court's determination that the Egyptian defendants were not immune to Loomis's claims because of the commercial activity exceptions to the FSIA. Embassy of the Arab Republic of Egypt v. Lasheen, 603 F.3d 1166, 1169 (9th Cir. 2010). The Ninth Circuit did not reach this court's alternate holding regarding waiver. Id. at 1171-72. The Ninth Circuit remanded to this court for a determination as to "whether either the commercial activities or waiver exception permits Lasheen's claims to proceed." Id. at 1172.

**II. Standard**

After the remand from the Ninth Circuit, this court

4

1 directed the Egyptian Defendants to move for summary judgment.
2 Egyptian defendants argue that the FSIA question does not turn
3 on disputed facts, and style their motion as a motion to dismiss
4 under Fed. R. Civ. P. 12(b)(6) or, in the alternative, as a
5 motion for summary judgment under Fed. R. Civ. P. 56.  Insofar
6 as the assertion of immunity under FSIA is a challenge to the
7 subject matter jurisdiction of this court, it may be most
8 appropriate to treat the instant motion as such a challenge
9 under Fed. R. Civ. P. 12(b)(1).  <u>See also</u> Order filed Feb. 1,
10 2008.

Regardless of the governing federal rule, the standard applicable to the question of FSIA immunity was concisely articulated by the Ninth Circuit in this case:

> Pursuant to the FSIA, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in" the FSIA.  28 U.S.C. § 1604. "Under the Act, a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." <u>Saudi Arabia v. Nelson</u>, 507 U.S. 349, 355, 113 S. Ct. 1471, 123 L. Ed. 2d 47 (1993).  Once a party "offers evidence that an FSIA exception to immunity applies, the party claiming immunity bears the burden of proving by a preponderance of the evidence that the exception does not apply." <u>Joseph v. Office of the Consulate Gen. of Nig.</u>, 830 F.2d 1018, 1021 (9th Cir. 1987).

<u>Lasheen</u>, 603 F.3d 1169-70

### III. Analysis

Here, plaintiffs invoke two exceptions to FSIA immunity:

5

the exceptions for waiver and for commercial activity.  Because the Egyptian defendants have waived sovereign immunity, the court does not discuss the commercial activities exception.[3]

Under the FSIA,

> A foreign state shall not be immune . . . in any case . . . in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

28 U.S.C. § 1605(a)(1).  This court previously explained that "[a]n agreement to adjudicate a dispute . . . in accordance with the laws of a United States jurisdiction constitutes waiver 'by implication' under § 1605(a)(1)."  Order filed Feb. 1, 2008 at 6 (citing Joseph, 830 F.2d at 1022-23).[4]

At first glance, the present dispute is an easy case.  The benefit plan booklet which explains the benefits owed to *plaintiff* states that the Plan is subject to ERISA and may be enforced in United States courts.  The court previously held that a similar choice of law provision in the agreement between Loomis and the Egyptian defendants sufficed to demonstrate

---

[3] If forced to confront the issue, the court would hold that the Egyptian defendants' provision of health benefits in the United States under an ERISA insurance framework constitutes commercial activity.

[4] Although the Ninth Circuit declined to address this court's waiver analysis, it appears that this analysis remains law of the case.

6

waiver of FSIA immunity.  Id. at 6-7.[5]

Specifically, plaintiff has provided a document titled "Group Health Benefits for Embassy of Egypt," which was provided to explain plaintiff's benefits under the Plan.  Decl. of Randy M. Andrus, Ex. D.  This document explicitly states that the Plan is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.  See Andrus Decl. Ex. D at 51. "As a Covered Person in this Plan, you are entitled to certain rights and protections under [ERISA]."  Id.  In particular, "[i]f anyone has a claim for benefits which is denied or ignored, in whole or in part, they may file suit in state or federal court."  Id.

The court acknowledges three wrinkles in this argument. One pertains to whether the above-quoted document constitutes the actual Plan.  The document itself states that "[t]his booklet is not a contract. It explains in non-technical language

---

[5] To clarify, this case presents two distinct documents: (1) the Agreement between the Egyptian defendants and Loomis, and (2) the Plan, which the Egyptian defendants authorized and which was delivered to plaintiffs.  The latter was not discussed in the prior orders, but forms the basis for the court's decision here.  Because the court relies on the Plan, the court does not address plaintiff's alternative argument that the waiver implicit in the Agreement between Loomis and the Egyptian defendants extends to claims brought by plaintiff because plaintiff was an intended third-party beneficiary of that agreement.  Lasheen, 603 F.3d at 1172; see also Gates v. Victor Fine Foods, 54 F.3d 1457, 1466 (9th Cir. 1995) ("Just because Alberta Pork may have agreed to submit to the jurisdiction of United States courts in connection with a loan collection action by a bank in Washington State, it does not in any way mean that they also agreed to submit to the jurisdiction of United States courts in connection with a dispute involving GGFF employees in California.").

the essential features of your Employee benefit Program." Id. at 52.  Nonetheless, the Egyptian defendants support their present motion by re-submitting the declaration of Debbie Hayes filed January 17, 2006, which describes this booklet as "a true and correct copy of the plan."  Thus, the Egyptian defendants have conceded that the booklet accurately represents the Plan's terms.

A second wrinkle is that although the plan explicitly provides a right to sue in this country's courts, the plan does not explicitly state against whom such suits may be brought. Nonetheless, the Plan suggests that claims will be brought against the plan fiduciaries and the Egyptian defendants have agreed that they were the fiduciaries.  Egyptian Defs.' Answer ¶ 5 (admitting that the Egyptian Defendants are the fiduciaries without admitting that ERISA applies), see also Andrus Decl. Ex. C (Agreement between Loomis and Egyptian defendants, agreeing the ERISA applies and that the Egyptian defendants are the fiduciaries).  Moreover, the plan provides that "The Company is [the] Embassy of Egypt, and any affiliates who have adopted the plan."  See Andrus Decl. Ex. D at 43.[6]

---

[6] Plaintiff argues that various other documents demonstrate further concessions by the Egyptian defendants that the Plan was governed by ERISA, constituting further implicit waivers of FSIA immunity.  See, e.g., Andrus Decl. Ex. Q, V.  These exhibits do not contain communications by the Egyptian defendants regarding ERISA applicability; rather, they are assertions by Loomis and others that ERISA applied.  Plaintiff has not demonstrated that the Egyptian defendants authorized or are otherwise responsible for these communications, and these exhibits therefore do not appear to support plaintiff's case.

8

1    A third wrinkle is that it is not obvious that the Plan
2 constitutes a contract between the Egyptian defendants and
3 Lasheen.  Plaintiff has not argued that the elements necessary
4 to formation of a contract (such as consideration) are present,
5 and the Egyptian defendants have not addressed the Plan at all.
6 Nonetheless, nothing indicates that waiver is only effective if
7 expressed in a formal contract.  The Egyptian defendants concede
8 that they approved the "terms contained in the Plan" knowing
9 that these terms would be communicated to Lasheen, Egyptian
10 Defs.' Mem. at 13, and these terms provide a right to sue the
11 Egyptian defendants in state and federal courts.
12    These wrinkles do not appear significant.  More
13 importantly, however, it does not fall to the plaintiff to iron
14 them out.  Plaintiff has provided evidence that (1) the
15 referenced booklet accurately described the Plan's terms, (2)
16 the Egyptian defendants were party to this Plan and approved
17 these terms, (3) the Plan was offered to the plaintiff as a
18 statement of plaintiff's rights against, inter alia, the
19 Egyptian defendants, and (4) the Plan's terms provided that
20 United States law would govern the Plan.  Under the burden
21 shifting framework articulated by the Ninth Circuit in this
22 case, this satisfies plaintiff's initial burden of providing
23 evidence to indicate waiver of FSIA immunity with respect to
24 plaintiff's claims here.  <u>Lasheen</u>, 603 F.3d at 1170.  The burden
25 therefore shifts to the Egyptian defendants to "prov[e] by a
26 preponderance of the evidence that the exception does not

9

1  apply." Id. (quoting Joseph, 830 F.2d at 1021). The Egyptian
2  defendants have not even attempted to meet that burden, ignoring
3  the Plan and instead arguing solely that the Agreement between
4  Loomis and the Egyptian defendants does not waive FSIA immunity
5  as to plaintiff's claims.
6      The closest that Egyptian defendants come to opposing this
7  argument is to argue, without reference to the plan booklet,
8  that the Plan is not the type of plan that falls within ERISA's
9  scope. Specifically, the Egyptian defendants argue that the
10 plan is "maintained outside the United States primarily for the
11 benefit of persons substantially all of whom are nonresident
12 aliens." 29 U.S.C. § 1003. The question of whether ERISA would
13 apply by its own terms is distinct from the question of whether
14 the Egyptian defendants have manifested an intent to be governed
15 by the laws of the United States and thus to be subject to
16 jurisdiction of United States courts. The Egyptian defendants'
17 present litigation position may be seen as an attempted
18 withdrawal of the earlier agreement that United States law
19 applies and thus an attempted withdrawal of the prior implicit
20 waiver of FSIA immunity. Because the Egyptian defendants have
21 not identified any provision of the Plan authorizing such a
22 withdrawal, such a withdrawal is ineffective. 28 U.S.C. §
23 1605(a)(1).
24     Insofar as the Egyptian defendants instead contend that
25 plaintiff's ERISA claim fails on the merits, rather than for
26 lack of FSIA immunity, the Egyptian defendants have defaulted on

1  this argument.  See Order filed Feb. 1, 2008, at 11 (refusing to
2  consider a statute of limitations argument because court set had
3  aside default solely as to the FSIA issue).

### IV. Conclusion

For the reasons stated above, the Egyptian defendants' motion to dismiss or for summary judgment (Dkt. No. 307) is DENIED, and plaintiff and Loomis' joint motion for a determination on FSIA immunity (Dkt. No. 239) is again GRANTED.

IT IS SO ORDERED.

DATED: August 31, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

11