UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOHAMED E. LASHEEN,[1]

        Plaintiff,

    v.

THE LOOMIS COMPANY, et al.,

        Defendants.

_____

AND RELATED CROSS-CLAIMS.

_____

No.  2:01-cv-0227-KJM-EFB

ORDER

Defendants, the Arab Republic of Egypt, the Embassy of the Arab Republic of Egypt (the "Embassy"), and the Cultural and Educational Bureau's (the "Bureau") (collectively, the "Egyptian defendants") seek for reconsideration of the court's order granting in part and denying in part plaintiff's motion to compel defendants to provide responses to post-judgment interrogatories and requests for production of documents.  ECF No. 444.  Also pending is plaintiff's motion for leave to deposit funds with the court and for a turnover order to disperse the

_____

[1]  As discussed in a prior order, Mohamed Lasheen is deceased and Abdallah Mohamed Albadre (A.M. El–Bradry), the personal representative of Lasheen's estate, has been substituted as the plaintiff.  *See* ECF Nos. 28 and 29.  Nonetheless, the parties, this court and the Ninth Circuit have continued to use the original caption for this action.  *See* ECF No. 368 at 1, n.1.  That practice is continued with this order and its references to "plaintiff."

funds.[2] ECF No. 449.  For the following reasons, defendants' motion is denied and plaintiff's motion is granted in part and denied in part.

I.    Motion for Reconsideration

The Egyptian defendants move for reconsideration of the court's prior order granting in part and denying in part plaintiff's motion to compel discovery related to their assets.  ECF No. 444; *see* ECF No. 440.

A.    Background

This court previously entered default judgment against the Egyptian defendants in the amount of $549,826.06.  ECF No. 393.  The judgment was affirmed on appeal (ECF No. 376), and thereafter plaintiff served post-judgment written discovery seeking, among other things, information related to each Egyptian defendant's assets and financial accounts.  The Egyptian defendants refused to provide the discovery sought, and plaintiff moved to compel their responses.  ECF No. 421.  In opposing plaintiff's motion, the Egyptian defendants argued that plaintiff's discovery requests were overbroad because they sought mostly information concerning assets that are immune from execution under the Foreign Sovereign Immunities Act ("FSIA").  ECF No. 427 at 13-19.

After a hearing on plaintiff's motion, the court granted in part and denied in part plaintiff's motion to compel.  ECF No. 440.  The court found that plaintiff was entitled to discover information as to any property of the Embassy and Bureau that is located in the United States.  *Id*. at 11.  In reaching that finding, the court observed that the Embassy and the Bureau's assets in the United States could be subject to attachment and execution if it was established that they were agencies or instrumentalities of Egypt, as opposed to merely political subdivisions of the State.  *Id*. at 9-11; *see* 28 U.S.C. 1610(b)(2) (providing that "any property in the United States" belonging to a foreign state's agency or instrumentality that is "engaged in commercial activity in the United States" is subject to execution if "the judgment relates to a claim for which

2 The court has determined that oral argument would not materially assist in the resolution of the pending motions and they were ordered submitted on the briefs.  *See* E.D. Cal. L.R. 230(g).

the agency or instrumentality is not immune by virtue of section 16(a)(2) . . . .").[3]  The court

noted it was unable to assess on the current record whether the Embassy or the Bureau were

agencies or instrumentalities because both parties failed to address the relevant test for making

such a determination, and thus it was not clear whether plaintiff would be able to attach property

of either entity pursuant to 20 U.S.C. 1610(b).  ECF No. 440 at 10; *see Ministry of Defense and*

*Support for Armed Forces of Islamic Republic of Iran v. Cubic Defense Systs.,* 495 F.3d 1024,

1035 (9th Cir. 2007), *rev'd on other grounds Ministry of Def. & Support for the Armed Forces of*

*the Islamic Republic of Iran v. Elahi,* 556 U.S. 366 (2009) (applying the "core functions test" for

determining whether an entity is an agency or instrumentality).  Given the policy favoring

discovery, the court found it appropriate to treat both the Embassy and the Bureau as

instrumentalities for purposes of plaintiff's discovery motion.[4]  ECF No. 440 at 10.  Accordingly,

the court held that plaintiff was entitled to seek discovery of information as to any property of the

Embassy and Bureau that is located in the United States.  *Id*. at 11; *see* 28 U.S.C. § 1610(b)(2),.

> B.  Discussion

Federal Rule of Civil Procedure ("Rule") 60 provides that a court may relieve a party of a

final judgment or order for mistake, inadvertence, surprise, or excusable neglect.  Fed. R. Civ. P.

60(b)(1).  "Reconsideration is appropriate if the district court (1) is presented with newly

discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3)

if there is an intervening change in controlling law."  *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d

1255, 1263 (9th Cir. 1993).  Further, Local Rule 230(j) requires that a motion for reconsideration

state "what new or different facts or circumstances are claimed to exist which did not exist or

were not shown upon such prior motion, or what other grounds exist for the motion," and "why

---

[3]  The court had previously found that plaintiff's claim arose out of the Egyptian defendants' commercial activity, and therefore the Egyptian defendants were not entitled to jurisdictional immunity pursuant to 20 U.S.C. § 1605(a)(2).

[4]  The order granting plaintiff's motion to compel reminded the parties that the issue before the court was "not the merits of plaintiff's attempt to attach any particular asset, but rather merely the discoverability of information as to the existence of such an asset(s)."  ECF No. 440 at 10 n.5.

the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R.

230(j)(3)-(4).

The Egyptian defendants advance three arguments for reconsideration.  First, they argue

that if the Embassy and Bureau are treated as instrumentalities, they would be forced to divulge

sensitive information regarding the governmental accounts they hold."  ECF No. 444-1 at 2-5.

Next, they argue that the court should "give weight to" *Howe v. Embassy of Italy*, 68 F. Supp. 3d

26, 32-33 (D.D.C. 2014) (finding that the "Embassy of Italy in Washington, D.C., is an 'integral

part of a foreign state's political structure,' making it a 'foreign state' for purposes of the FSIA."),

and find that the Embassy and Bureau are political subdivisions, not instrumentalities.  Lastly, the

Egyptian defendants contend that the court erred by failing to find that plaintiff had the burden to

establish that the Embassy and Bureau are separate and distinct from the Egyptian state.  ECF No.

444-1 at 4.  None of these arguments have merit.

The Egyptian defendants' first argument fails to demonstrate any error by the court's prior

order.  Furthermore, the argument could have been raised in opposition to plaintiff's motion to

compel.  *See Cachil Dehe Band of Wintun Indians of Colusa Indian Community v. California*,

649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) ("In the absence of new evidence or a change in the

law, a party may not use a motion for reconsideration to raise arguments or present new evidence

for the first time when it could reasonably have been raised earlier in the litigation.") (citing

*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).  As for the Egyptians defendants' second

argument—that the court should give weight to *Howe* and find that Embassy and Bureau are

political subdivisions—the argument has already been considered and rejected by the court.  ECF

No. 440 at 9-10.  "Motions to reconsider are . . . not vehicles permitting the unsuccessful party to

rehash arguments previously presented."  *Cachil*, 649 F. Supp. 2d at 1069 (internal quotations

omitted).

The Egyptian defendants' third argument also fails to demonstrate that reconsideration is

appropriate.  Relying on *Ministry of Defense & Support for the Armed Forces of the Islamic

Republic of Iran v. Cubic Def. Sys.*, 495 F.3d 1024 (9th Cir. 2007), the Egyptian defendants argue

that the court should have found that plaintiff had the burden to prove that the Embassy and the

1    Bureau were agencies and instrumentalities, which he failed to do.  ECF No. 441-1 at 4.  But the

2    instant case is readily distinguishable from *Cubic*.  In that case, the Ninth Circuit held that the

3    judgment creditor had held failed to establish that the Iranian Ministry of Defense and Support of

4    the Armed Forces of the Islamic Republic of Iran ("Ministry") was an agency or instrumentality

5    under the core functions test.  495 F.3d at 1035-36.  Accordingly, the court held that the judgment

6    debtor was not permitted to attach the property of the Ministry pursuant to 28 U.S.C. § 1610(b).

7    *Id*.  Here, plaintiff has not sought to attach any property.  He has only sought discovery as to what

8    property exists and the nature of it.  At some point plaintiff may seek to attach a specific property,

9    the only issue currently before the court is plaintiff's entitlement to information.  *Cubic* does not

10   require plaintiff to first establish that the Embassy and the Bureau are agencies or

11   instrumentalities before he may conduct discovery.

12       In addition to the arguments raised in their motion, the Egyptian defendants also filed a

13   "Supplement to Defendants' Motion for Reconsideration."  ECF No. 459.  Submitted with the

14   supplement is a document from Egypt's Ministry of Higher Education.[5]  ECF No. 459-2.  The

15   Egyptian defendants contend that this document "addresses the inquiry as to the core function of

16   the Cultural Office."  ECF No. 461 at 2.  The Egyptian defendants do not contend that this

17   evidence is new or that it could not have been submitted in opposition to plaintiff's motion to

18   compel.  Instead, they simply wish to relitigate an issue that has already been resolved.

19   Accordingly, their supplement and document appended to it do justify the relief sought.

20       Accordingly, the Egyptian defendants' motion for reconsideration is denied.

21   II.   Motion to Deposit Funds and For a Turnover Order

22       The Egyptian defendants were ordered to produce a witness for a judgment debtor

23   examination.  ECF No. 412.  They complied with that order and appeared for the examination at

24   the scheduled date and time.  However, plaintiff did not initially have a court reporter present,

25   resulting in a delay of four hours while a court reporter was obtained.  In light of that wasted

26

27       [5]  Plaintiff moves to strike the Egyptian defendants' supplement, arguing that it is an
     unauthorized surreply.  ECF No. 460.  Because the supplement fails to demonstrate the
28   reconsideration is appropriate, plaintiff's motion to strike is denied.

1    attorney time, plaintiff was ordered to pay the Egyptian defendants $1,500 for the reasonable

2    expenses they incurred from the delay.  Plaintiff now seeks leave to deposit the $1,500 into the

3    court's fund and an order disbursing the funds to counsel as a partial credit against the judgment

4    entered against the Egyptian defendants.  ECF No. 449.  For the following reasons, plaintiff's

5    motion is granted in part and denied in part.

6            A.    Relevant Legal Standards

7            Pursuant to Rule 67 provides, "a party—on notice to every other party and by leave of

8    court—may deposit with the court all or part of the money or thing, whether or not that party

9    claims any of it."  Fed. R. Civ. P. 67(a).  "The core purpose of Rule 67 is to relieve a party who

10   holds a contested fund from responsibility for disbursement of that fund among those claiming

11   some entitlement thereto."  *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113

12   (1st Cir. 2007).  However, Advisory Committed Notes to Rule 67 provides that "in addition to the

13   advantage to the party making the deposit, the procedure gives other litigants assurance that any

14   judgment will be collectable."  Fed. R. Civ. P. 67 advisory committee's note on 1983 amendment.

15   The decision to allow the deposit of property pursuant to Rule 67 is discretionary.  *See Gulf States*

16   *Util. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987).

17           Rule 69 provides that "[t]he procedure on execution—and in proceedings supplementary

18   to and in aid of judgment or execution—must accord with the procedures of the state where the

19   court is located, but a federal statute governs to the extent it applies."  California law "'provides

20   procedures for the assignment of assets, issuance of retraining orders, and issuances of turnover

21   orders.'"  *Passport Health, Inc. v. Travel Med, Inc.*, 2012 WL 1292473, at *2 (E.D. Cal. Apr. 16,

22   2012) (quoting *UMG Recordings, Inc. v. BCD Music Grp., Inc.*, 2009 WL 2213678, at *1 (C.D.

23   Cal. July 9, 2009).  California Code of Civil Procedure § 708.205(a) authorizes a court to "order

24   the judgment debtor's interest in the property in the possession or under the control of the

25   judgment debtor or the third person . . . to be applied towards the satisfaction of the money

26   judgment if the property is not exempt from enforcement of a money judgment."

27   /////

28   /////

                                                    6

B.    Discussion

The Egyptian defendants do not dispute that plaintiff may deposit the $1,500 award pursuant to Rule 69. ECF No. 452 at 4 ("Fed. R. Civ. P. 67 appears to, arguably, provide the Plaintiff with an avenue for depositing the funds into the court's registry of the Court . . . ."). They contend, however, that granting plaintiff's request would be inequitable because it would "permit plaintiff's counsel to benefit from his inability to properly follow the Rules and his failure to follow his own Notice of Taking Deposition." ECF No. 452 at 5. Additionally, the Egyptian defendants request that the order awarding fees be modified to require payment directly to their counsel, arguing that the injury warranting the sanctions was sustained by their counsel. *Id*. Both of these arguments are unpersuasive.

Granting the requested relief would not benefit plaintiff's counsel or his client. They are attempting to collect on plaintiff's judgment against the Egyptian defendants. Permitting plaintiff to apply the sanction to the judgment simply lowers the value of the judgment, but it does not put any money in counsel's or plaintiff's pockets. Plaintiff's counsel will be required to pay the sanction. Once it becomes property of the defendants, it is subject to the same rules of attachment as any other funds. The court may or may not ultimately determine that the funds may be attached. Deposting the money into the court's fund pending that determination is appropriate here.

The court also finds no basis for modifying the award and directing payment to the Egyptian defendants' counsel. Their counsel appeared at the debtor examination on their behalf and as their agent. Thus, there is no basis for directing payment to counsel personally. Accordingly, plaintiff's request for leave to deposit the funds with the court is granted.

Plaintiff, however, has failed to demonstrate that funds should be immediately released to him. Plaintiff seeks to have the funds disbursed to him pursuant to California Code of Civil Procedure § 708.205, which authorizes a court to order that property of the judgment debtor (in this cased the Egyptian defendants) held in the possession of another (the court) "be applied towards the satisfaction of the money judgment *if the property is not exempt from enforcement* of a money judgment." Cal. Code Civ. P. § 708.205(a). Plaintiff's motion does not even attempt to

show that the funds he seeks to have applied to his judgment would not be immune from execution under the FSIA. Accordingly, he has failed to show that the funds should be disbursed to him.

III.     Conclusion

Accordingly, it is hereby ORDERED that:

1. The Egyptian defendants' motion for reconsideration (ECF No. 444) is denied;

2. Plaintiff's motion for leave to deposit funds and for a turnover order to disburse funds to counsel (ECF No. 449) is granted in part and denied in part as follows:

a. Plaintiff's motion for leave to deposit the $1,500 sanction into the court's deposit fund is granted. The deposit shall be completed within 7 days of this order.

b. Plaintiff's motion for an order to distribute funds is denied.

DATED: September 28, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE